UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN BONNER,

     Plaintiff,

v.

SERGEANT MIKE GONDEK,

     Defendant.

Case No. 26-cv-12157

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Shawn Bonner commenced this 42 U.S.C. § 1983 malicious prosecution action against Dearborn Heights Police Sergeant Mike Gondek. The complaint alleges that Sergeant Gondek fabricated evidence and made false statements in a police report that led to Bonner's state criminal prosecution for malicious use of telecommunications.

Before the Court is Bonner's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

A Fourth Amendment malicious prosecution claim comprises four elements. *Adams v. Lexington-Fayette Urb. Cnty. Gov't*, 154 F.4th 501, 507 (6th Cir. 2025). The plaintiff must plausibly allege that (1) "a criminal prosecution was initiated against him and that the defendant made, influenced, or participated in the decision to prosecute," (2) the criminal prosecution lacked probable cause, (3) "as a consequence of a legal proceeding" the plaintiff "suffered a deprivation of liberty

apart from the initial seizure," and (4) the criminal proceeding resolved in the plaintiff's favor. *Id.* at 508 (quotations omitted).

Bonner's malicious prosecution claim fails at the outset because he alleges that the underlying criminal proceeding "remains active and ongoing." (ECF No. 1, PageID.7).  So he cannot plausibly establish that the proceeding resolved in his favor, *i.e.*, the last malicious-prosecution element.

But even if Bonner could overcome this defect, the malicious prosecution claim is implausible because he does not allege that he was deprived of his liberty "apart from the initial seizure." *Adams*, 154 F.4th at 508.  Contrary to Bonner's view, there is no deprivation of liberty merely because "the threat of criminal conviction is actively maintained by the ongoing prosecution." (ECF No. 1, PageID.7). *See Adams*, 154 F.4th at 508 ("the mere possibility of post-conviction imprisonment is not enough to create a pretrial liberty deprivation.").  Or because he is "forced to continually attend court proceedings." (*Id.*). *See Adams*, 154 F.4th at 508 ("being arraigned or summoned to testify in court also does not create a deprivation of liberty.").  Or because the criminal proceeding caused him to "experience[ ] a severe and ongoing loss of personal and professional reputation within the community." (*Id.*, PageID.6). *See Adams*, 154 F.4th at 509 ("the harms that arise from loss of reputation are not a deprivation of liberty under the Fourth Amendment.").  Or because he is suffering from "profound emotional distress, anxiety, and sleep

3

deprivation resulting from the fear of wrongful conviction and imprisonment." (*Id.*, PageID.6). *See Adams*, 154 F.4th at 509 ("emotional distress is not a Fourth Amendment deprivation of liberty.").

Bonner's assertion that he "suffered a severe deprivation of liberty" or an "immediate loss of personal liberty" is also too conclusory to state a plausible malicious prosecution claim. Again, the plaintiff must suffer "a deprivation of liberty *apart* from the initial seizure." *Adams*, 154 F.4th at 508 (emphasis added). And although Bonner maintains that the criminal proceedings are ongoing, the docket indicates that he is not incarcerated currently. His service address is a private residence located in Detroit, Michigan. (Case No. 26-12157, Docket Sheet).

Lastly, Bonner summarily lists violations of the First and Fifth Amendments to the United States Constitution in his civil action cover sheet. (ECF No. 1, PageID.8). But the complaint is devoid "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Sergeant Gondek violated these constitutional rights. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quotation omitted). So Bonner cannot state a plausible claim for relief under either provision. Accordingly,

IT IS ORDERED that Bonner's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Bonner may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 17, 2026                          s/ Robert J. White
                                              Robert J. White
                                              United States District Judge